IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Lorry Van Chase,<br><br>      Petitioner,<br><br>v.<br><br>Joseph Joyce, Warden of<br>North Dakota State Penitentiary,<br><br>      Respondent. | **ORDER GRANTING MOTIONS**<br>**FOR EXTENSION OF TIME**<br>**AND MOTION TO COMPEL**<br><br>Case No.: 1:25-cv-00003 |

On January 8, 2025, Petitioner Lorry Van Chase ("Petitioner") filed a Petition for Writ of Habeas Corpus. (Doc. No. 1). An order to answer was issued on January 13, 2025. (Doc. No. 3). On April 14, 2025, Respondent Joseph Joyce ("Respondent") filed a response. (Doc. No. 9).

On April 25, 2025, Petitioner filed a *Motion for Extension of Time to File Response/Reply*. (Doc. No. 10). On May 1, 2025, Petitioner filed a second *Motion for Extension of Time to File Response/Reply* and a *Motion to Compel*. (Doc. No. 11).

Within Petitioner's first motion (Doc. No. 10) he asserts that Respondent had until April 14, 2025, to answer, and his deadline to reply was April 28, 2025. However, due to his incarceration, he has no ability to tell if Respondent's answer has been filed with the Court and had not received the answer via United States mail as of April 21, 2025. Petitioner notes that at least half of his time to reply has been lost, making it impossible for him to reply by the imposed deadline. As such, he requests additional time to reply.

As to Petitioner's second motion (Doc. No. 11), Petitioner advised that on April 23, 2025, he received Respondent's answer. He now asserts that as the answer has been served after the deadline, was incomplete, and it is unclear whether page nine (9) belongs in the answer. Respondent specifically alleges that while the delay in receiving the answer can be partially

attributed to the North Dakota State Penitentiary's process for handling legal mail, counsel for Respondent indicated in the Certificate of Service that the answer would be mailed on April 14, 2025, and the envelope was metered on April 15, 2025. Further, Petitioner argues he is unable to reply to the answer as it is missing pages ten (10) through thirteen (13). He also notes that page nine (9) refers to a different name than that of the Petitioner. As such, Petitioner requests this court compel Respondent to properly serve its answer on Petitioner and verify the filing is complete. He also requests the court extend his time to file a reply, taking into account mail delays and delays at the Penitentiary.

As an initial matter, Petitioner argues that Respondent filed its answer after the deadline, specifically pointing to contradictions in the Certificate of Service and the metering of the envelope containing the answer. The Certificate of Service specifically states:

> I hereby certify that on the 14th day of April, 2025, the following document:
>
> **RETURN AND ANSWER TO 28 U.S.C. § 2254 PETITION**
>
> was electronically filed with the Clerk of Court through ECF, and the ECF will send a Notice of Electronic Filing (NEF) to the following:
>
> NA
>
> I further certify that a copy of the foregoing document will be mailed by first class mail, postage prepaid to the following non-ECF Participant:
>
> LORRY VAN CHASE
> NDSP
> P.O. BOX 5521
> BISMARCK, ND 58506
>
> Dated April 14, 2025.

(Doc. No. 9 at 20). Here, the court notes that the Certificate of Service certifies that the Return and Answer was electronically filed on April 14, 2025, and that the document would be mailed to Petitioner. While the court acknowledges Petitioner does not have access to ECF filings, the docket

2

reflects that the response was timely filed, on April 14, 2025. (*See* Doc. No. 9). As to the contradiction between the Certificate of Service and the mailing envelope, Respondent cannot predict the timeliness of the mail. While it is unfortunate the answer was not mailed on April 14th, the court will not hold Respondent responsible for the processing and delivering of mail.

Petitioner next alleges he cannot properly reply as the answer is missing pages ten (10) through thirteen (13). As such, he requests the court compel Respondent to properly serve its answer on Petitioner and verify the filing is complete. While the ECF filing of the answer is complete, with the inclusion of pages ten (10) through thirteen (13), the court notes it is possible that the pages were lost. Accordingly, Respondent shall be ordered to provide Petitioner with a second copy of the answer, with verification that it is the complete document. Respondent shall mail the document to Petitioner by *May 13, 2025*. Respondent is not required to include the accompanying exhibits, as Petitioner notes "copying hundreds of pages again would place an under burden on Petitioner and Penitentiary staff." (*See* Doc. No. 11 at 3).

Petitioner also questions whether page nine (9) of the answer belongs as it refers to a different name than that of the Petitioner. Upon review, it appears Respondent committed a scrivener's error. A scrivener's error is a "clerical error" "resulting from a minor mistake or inadvertence, especially in writing or copying something." *Lammers v. Nebraska*, No.7:21CV5012, 2022 WL 447191, at *1 (D. Neb. Feb. 14, 2022) (quoting *MSP Recovery Claims, Series LLC v. AIG Property Casualty Co.*, 2021 WL 3371621, at *8 (S.D.N.Y. Aug. 2, 2021). Scrivener's errors include omitting an appendix, typing incorrect numbers, or mis-transcribing words. *Id.* Therefore, while Respondent erred in using a different name than that of the Petitioner, it was a mere scrivener's error, and page nine (9) is correctly part of Respondent's answer.

Finally, Petitioner requests an extension of time to file a reply to Respondent's answer. Under Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts, a petitioner may file a reply to the respondent's answer. Petitioner had until April 28, 2025, to file a reply. (Doc. No. 7). He filed a motion for extension of time on April 25, 2025, and May 1, 2025. (Doc. Nos. 10, 11). Petitioner did not receive Respondent's answer until April 23, 2025, and there were allegedly missing pages. Accordingly, Petitioner shall have until *June 3, 2025*, to reply to Respondent's answer. If Petitioner requires more time, he may file a subsequent motion.

Petitioner's motions (Doc. Nos. 10, 11) are hereby **GRANTED**.

**IT IS SO ORDERED.**

Dated this 8th day of May, 2025.

                                      */s/ Clare R. Hochhalter*
                                      Clare R. Hochhalter, Magistrate Judge
                                      United States District Court